**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LUZ DE ALBA SANTOS-SANCHEZ,　　　:
　　　　　　　　　　　　　　　　　　:　Civil Action No. 12-6639 (FLW)
　　　　　　　　　Petitioner,　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　:　　**OPINION**
　　　　　　　　　　　　　　　　　　:
BRIAN ELWOOD, et al.,　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Respondents.　　:

**APPEARANCES:**

　　　LUZ DE ALBA SANTOS-SANCHEZ, Pro Se Petitioner
　　　A# 450-60-116
　　　Monmouth County Correctional Institution
　　　1 waterworks Road
　　　Freehold, New Jersey 07728

　　　ELIZABETH J. STEVENS, ESQ.
　　　U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
　　　OFFICE OF IMMIGRATION LITIGATION, DCS
　　　P.O. Box 868, Ben Franklin Station
　　　Washington, D.C. 20044
　　　Counsel for Respondents

**WOLFSON**, District Judge

　　　Petitioner Luz de Alba Santos-Sanchez ("Petitioner"), an

immigration detainee presently confined at the Monmouth County

Correctional Institution in Freehold, New Jersey, has submitted

a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241, challenging her continuing detention without a bond

hearing.  The only proper respondent is Brian Elwood,

Administrator at Monmouth County Correctional Institution, where

Petitioner is in custody.[1]  Because it appears from a review of

the parties' submissions that Petitioner is entitled to the

relief she seeks at this time, the Court will grant the

petition, and direct the Immigration Judge to provide an

individualized bond hearing.

## I.   BACKGROUND

Petitioner is a native and citizen of Dominican Republic,

who was admitted to the United States, on or about February 13,

1995, as a lawful permanent resident alien.  (Petition at ¶¶ 6,

11; Respondent's Declaration of Robert Ryan, dated November 21,

2012 ("Ryan Decl."), at ¶ 4, Exhibit A-1, Immigration Visa.)

Petitioner alleges that, on or about October 22, 2002, she was

convicted of distributing and possessing one kilo or more of

heroin in the United States District Court for the Southern

District of New York.  On April 22, 2008, Petitioner was

sentenced to time served, for a total of nine (9) days.  (Pet.,

¶ 13; Ryan Decl., ¶ 5 and Ex. A-2, Judgment.)

---

[1] Petitioner also has named various remote federal officials as
respondents.  The only proper respondent to a habeas petition
challenging current confinement is the warden of the facility
where the prisoner is being held.  Accordingly, Administrator
Elwood is the only properly named respondent in this action, and
the other named respondents shall be dismissed from this action
with prejudice.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004);
*Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

Upon completion of her sentence, Petitioner was released to her community, where she resumed living with her family, resumed her employment as a hair stylist, and pursued further studies. Petitioner alleges that she has lived lawfully without incident for more than four years post-conviction.  (Pet., ¶ 14.)

The Government states that, on or about May 13, 2011, the Southern District of New York, Pretrial Services referred Petitioner's case to the U.S. Department of Homeland Security ("USDHS") Immigration and Customs Enforcement ("ICE").  Almost one year later, on May 8, 2012, the ICE arrested Petitioner in New York and placed her in custody pending removal proceedings. (Ryan Decl., ¶ 6.)

On May 11, 2012, the ICE filed and served a Notice to Appear ("NTA") against Petitioner, thereby placing her in removal proceedings.  The NTA alleges that Petitioner's above-cited drug conviction makes her subject to removal pursuant to the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) (controlled substance violation) and § 237(a)(2)(A)(iii) (aggravated felony drug trafficking conviction and conspiracy to commit an aggravated felony.  (Ryan Decl., ¶ 7.)

Petitioner first appeared before the Immigration Judge on May 22, 2012, and requested an adjournment for preparation.  The

3

case was adjourned on several occasions at Petitioner's request until November 7, 2012.  On November 7, 2012, Petitioner's removal proceedings were adjourned because the Immigration Court was not operating due to the impact from Hurricane Sandy.  The matter was rescheduled for December 14, 2012.  (Ryan Decl., ¶¶ 8-15.)  There is no indication from the Government or from Petitioner as to status of the December 14, 2012 proceeding or Petitioner's removal proceedings in general.

Petitioner filed this habeas petition on October 17, 2012. Respondent filed an answer, together with the relevant record, on November 28, 2012.  (Docket entry no. 11.)  On December 20, 2012, Petitioner informed the Court that she declines to reply to the Government's answer.  (Docket entry no. 12.)

## II. RELEVANT STATUTES

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.  Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending.  The statute provides,

(a) Arrest, detention, and release

4

On a warrant issued by the Attorney General, an alien may
be arrested and detained pending a decision on whether the
alien is to be removed from the United States. Except as
provided in subsection (c) of this section and pending such
decision, the Attorney General—
(1) may continue to detain the arrested alien; and
(2) may release the alien on—
    (A) bond of at least $1,500 with security approved by,
    and containing conditions prescribed by, the Attorney
    General; or
    (B) conditional parole; but
(3) may not provide the alien with work authorization
(including an "employment authorized" endorsement or other
appropriate work permit), unless the alien is lawfully
admitted for permanent residence or otherwise would
(without regard to removal proceedings) be provided such
authorization.

(b) Revocation of bond or parole
The Attorney General at any time may revoke a bond or
parole authorized under subsection (a) of this section,
rearrest the alien under the original warrant, and detain
the alien.

8 U.S.C. § 1226 (a) and (b).

Certain criminal aliens, however, are subject to mandatory

detention pending the outcome of removal proceedings, pursuant

to 8 U.S.C. § 1226(c), which provides in relevant part that:

The Attorney General shall take into custody any alien who—

(A) is inadmissible by reason of having committed any
offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense
covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C),
or (D) of this title,
(C) is deportable under section 1227(a)(2)(A)(i) of this
title on the basis of an offense for which the alien has
been sentence [FN1] to a term of imprisonment of at least 1
year, or

5

> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(A)-(D).  An alien detained under § 1226(c) must be detained until his removal is final, regardless of whether he is a flight risk or danger to the community, unless the Attorney General determines that the alien should be part of the federal witness protection program, and provided that detention has not become unreasonably prolonged.  *See Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011).

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.

## III. ANALYSIS

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the

custody is "in violation of the Constitution or laws or treaties

of the United States."   28 U.S.C. § 2241(c)(3); *see also Maleng*

*v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540

(1989).   Accordingly, this Court has subject matter jurisdiction

over the Petition under § 2241 because Petitioner was detained

within its jurisdiction in the custody of ICE at the time she

filed her petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998),

and because she asserts that her mandatory detention is not

statutorily authorized by 8 U.S.C. § 1226(c), thereby violating

her due process rights. *See Zadvydas v. Davis*, 533 U.S. 678, 699

(2001); *Diop*, 656 F.3d at 226.

B.   <u>Statutory Authority for Petitioner's Detention</u>

Petitioner argues that she should not be subject to

mandatory detention under § 1226(c) based her federal drug

conviction because the ICE did not immediately place her into

custody when she was released from incarceration on the alleged

removable offenses more than four years ago.   Under 8 U.S.C. §

1226(c)(1)(B), the Attorney General shall take into custody "any

alien who ... (B) is deportable by reason of having committed

any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii),

(B), (C), or (D) of this title, ... **when the alien is released**,

without regard to whether the alien is released on parole,

7

supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  8 U.S.C. § 1226(c)(1)(B)(emphasis added).  From that statutory language, Petitioner argues that district courts have interpreted the term "when ... released" under Section 1226(c) to mean that ICE is required to immediately detain an alien upon release from criminal incarceration.  Respondent, however, argues that the language "when ... released" is ambiguous, and under a *Chevron* analysis, *see Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), this Court should defer to the Board of Immigration Appeals' ("BIA") interpretation of this language set forth in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001).

In the *Matter of Rojas*, the BIA held that ICE has mandatory detention authority over an alien that has been released from criminal custody for an enumerated offense, and the detention does not need to be immediate based on the objective and design of the statute as a whole. 23 I. & N. Dec. 117 at 122.  Based on that agency decision, Respondent argues that the Petitioner is subject to mandatory detention because of her past violations of enumerated offenses in § 1226(c)-- even though Petitioner was

released from incarceration for those offenses more than four

years ago.

Moreover, taking such a position, Respondent is asking this

Court to reject its prior rulings on the interpretation of §

1226(c) in *Rodriguez v. Shanahan*, Civil No. 12-6767 (FLW), 2013

WL 396269 (D.N.J. Jan. 30, 2013); *Dussard v. Elwood,* Civil No.

12-5369 (FLW), 2013 WL 353384 (D.N.J. Jan. 28, 2013); *Kerr v.*

*Elwood,* Civil No. 12-6330 (FLW), 2012 WL 5465492 (D.N.J. Nov. 8,

2012); *Baguidy v. Elwood*, Civil No. 12-4635 (FLW), 2012 WL

5406193 (D.N.J. Nov. 6, 2012); *Nimako v Shanahan*, Civil No. 12-

4909 (FLW), 2012 WL 4121102 (D.N.J. Sept. 18, 2012); *Kot v.*

*Elwood*, Civil No. 12-1720 (FLW), 2012 WL 1565438 (D.N.J. May 2,

2012); and *Christie v. Elwood*, Civil No. 11-7070 (FLW), 2012 WL

266454 (D.N.J. Jan. 30, 2012). Those decisions rendered by this

Court were premised on the very same arguments made in this

action.  Repeatedly, Respondent urges this Court to follow the

recent decision of the United States Court of Appeals for the

Fourth Circuit in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012),

in which the Fourth Circuit found the word "when" in § 1226(c)

to be ambiguous, and thus, deferred to the decision in *Rojas*.

This Court finds Respondent's arguments unpersuasive and finds

no basis to depart from its prior decisions.

Indeed, this Court very recently re-visited similar

arguments made by the Government in *Gayle v. Napolitano, et al.*,

Civil No. 12-2806 (FLW), 2013 WL 1090993 (D.N.J. March 15,

2013).  In *Gayle*, this Court found that it was not required to

defer to the BIA's interpretation of § 1226(c) where the BIA's

interpretation of "when released" is contrary to the plain

meaning of the statute.  *Gayle*, 2013 WL 1090993 at *5-6; *see*

*Parfait v. Holder*, 2011 WL 4829391 (D.N.J. Oct. 11, 2011).

Rather, this Court adopted the interpretation of § 1226(c) by

the United States Court of Appeals for the First Circuit in

*Saysana v. Gillen*, 590 F.3d 7, (1st Cir. 2009), which held that,

because the plain meaning of § 1226(c) was contrary to the BIA's

reading of the statute, *Chevron* deference was not permissible.

> In our view, the natural reading of the statutory provision
> from top to bottom makes clear that the congressional
> requirement of mandatory detention is addressed to the
> situation of an alien who is released from custody for one
> of the enumerated offenses. The statutory language embodies
> the judgment of Congress that such an individual should not
> be returned to the community pending disposition of his
> removal proceedings. Both the language and the structure of
> the statutory provision state this mandate in a clear and
> straightforward manner. As explained ... in Oscar v.
> Gillen, 595 F.Supp.2d 166[, 170] (D.Mass.2009) (Tauro, J.):
>
> > The "when released" provision immediately follows the
> > list of enumerated offenses, indicating that the
> > former modifies the latter. Additionally, § 1226(c)
> > provides that the alien shall be detained upon release
> > regardless of whether he is subsequently arrested for
> > the "same offense," reinforcing the notion that the

10

> entire clause applies to the list of enumerated
> offenses immediately preceding it.

*Saysana*, 590 F.3d at 13.

As this Court expressed in *Gayle*, *Saysana* clearly envisions a continuous chain of custody of dangerous aliens and was not convinced that Congress intended "to justify mandatory immigration custody many months or even years after an alien had been released from state custody."  *Gayle*, 2013 WL 1090993 at *7 (quoting *Saysana*, 590 F.3d at 16 (citations omitted)); *see also Baguidy*, 2012 WL 5406193, at *8; *Nimako*, 2012 WL 4121102, at *7. The reasoning in *Saysana*, 590 F.3d at 17-18 ("By any logic, it stands to reason that the more remote in time a conviction becomes and the more time after a conviction an individual spends in a community, the lower his bail risk is likely to be"), also is consistent with the Third Circuit's reading of § 1226(c) as envisioning a continuous chain of custody.  For instance, in *Diop v. ICE/Homeland Sec.*, 656 F.3d at 231, the Circuit recently noted that in enacting § 1226(c), "Congress was concerned with the immigration authorities' 'wholesale failure' to 'deal with the increasing rates of criminal activity by aliens.'  § 1226(c) was intended to remedy this perceived problem by ensuring that aliens convicted of certain crimes would be present in their removal proceedings and not on the

loose in their communities, where they might pose a danger."
*See Gayle*, *supra*; *Nimako*, 2012 WL 4121102, at *7.

*Saysana* ultimately concluded that "because the 'when
released language is unambiguous,' there is nothing for the
agency to interpret—no gap for it to fill—and there is no
justification for resorting to agency interpretation to address
an ambiguity." *Saysana,* 590 F.3d at 16.  This Court agrees and
again declines to follow *Matter of Rojas*, as argued by
Respondent, and instead follows the cogent interpretation given
the statutory language by the *Saysana* court.  *See Gayle*, *supra*.

This Court also is not persuaded by the Fourth Circuit's
ruling in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012), which
held that § 1226(c) is ambiguous.  As previously articulated in
*Baguidy*, *supra*, and more recently in *Gayle*, this Court declined
to adopt the holding in *Hosh* given the dearth of analysis used
by the Fourth Circuit to reach its result.  Namely, the Fourth
Circuit based its analysis on the dictionary definitions of
"when" as opposed to looking to the context of how "when" is
used in § 1226(c).  Neither the BIA nor the Fourth Circuit
explains how the words "The Attorney General shall take into
custody any alien ... when the alien is released" can be read to
state that "The Attorney General shall take into custody any

alien ... any time after the alien is released."  As discussed

in *Saysana* and by this Court most recently in *Gayle*, the context

of the statute makes it abundantly clear that "when" requires

immediacy.  Furthermore, the full clause at issue reads "when

the alien is released, without regard to whether the alien is

released on parole, supervised release, or probation, and

without regard to whether the alien may be arrested or

imprisoned again for the same offense."  If the Government's

reading of § 1226(c) were correct, the remainder of the phrase

could be rendered superfluous.  If § 1226(c) empowered the

Government to detain aliens months, years, or decades into their

release, there would be no reason for the statute to make

mention of the conditions of the alien's release that attach

immediately upon her release.  Consequently, this Court finds

that the more natural reading of the statute is that the

Government must take the alien into custody when she is

released, regardless of the conditions of that release, if it is

to subject the alien to mandatory detention.  *See Gayle*, 2013 WL

1090993 at *8; *see also Balfour v. Shanahan,* No. 12-6193, 2013

WL 396256 (D.N.J. Jan. 31, 2013; *Cox v. Elwood*, No. 12-4403,

2012 WL 3757171 (D.N.J. Aug. 28, 2012); *Nunez v. Elwood*, No. 12-

1488, 2012 WL 1183701, at *3 (D.N.J. April 9, 2012); *Parfait v.*

*Holder*, No. 11-4877, 2011 WL 4829391, at *9 (D.N.J. Oct.11, 2011); *Beckford v. Aviles*, No. 10-2035, 2011 WL 3515933 (D.N.J. Aug.9, 2011); *Sylvain v. Holder*, No. 11-3006, 2011 WL 2580506 (D.N.J. June 28, 2011), and this Court's prior decisions in *Rodriguez v. Shanahan*, 2013 WL 396269; *Dussard v. Elwood,* 2013 WL 353384;  *Kerr v. Elwood,* 2012 WL 5465492; *Baguidy v. Elwood*, 2012 WL 5406193; and *Nimako v Shanahan*, 2012 WL 4121102.

This Court also notes that no District Court (outside the Fourth Circuit) post- *Hosh* has been persuaded to follow the Fourth Circuit's analysis in *Hosh*.  *See Cox v. Elwood*, 2012 WL 3757171, at *4 (D.N.J. Aug. 28, 2012)("This Court is also not persuaded by the Fourth Circuit's decision in *Hosh* to defer to the BIA's interpretation of "when ... released" as it is not binding authority on this Court.... Until the Third Circuit decides this issue, this Court will rely on the plain meaning of § 1226(c)"); *Martial v. Elwood*, 2012 WL 3532324 (D.N.J. Aug. 14, 2012)(same); *Bogarin—Flores v. Napolitano*, 2012 WL 3283287, at *3 (S.D. Cal. Aug. 10, 2012)("The Fourth Circuit ... found Rojas was decided correctly but did not present any independent reasoning or statutory construction, instead giving deference to the BIA's decision....  This Court finds that the plain language of the statute is not ambiguous and clearly applies the

14

mandatory detention provision to those aliens who are detained upon release from criminal custody"); *Dimanche v. Tay—Taylor*, 2012 WL 3278922 (D.N.J. Aug. 9, 2012); *Munoz v. Tay—Taylor*, 2012 WL 3229153, at *3 (D.N.J. Aug. 6, 2012)("This Court is also not persuaded by the Fourth Circuit's decision in *Hosh* to defer to the BIA's interpretation"); *Gonzalez—Ramirez v. Napolitano*, 2012 WL 3133873, at n. 8 (D.N.J. July 30, 2012) ("The Court recognizes the recent decision by the Court of Appeals for the Fourth Circuit .... Absent a directive from the Third Circuit, the Court respectfully declines to adopt the *Hosh* holding and will instead follow the reasoning utilized by the First Circuit in *Saysana*").

Accordingly, This Court finds that the plain language of § 1226(c) is not ambiguous and clearly applies the mandatory detention provision to those aliens who are detained upon release from criminal custody.

C.  This Court's Ruling Does Not Amount to a Coercive Sanction

Finally, Respondent argues that even if § 1226(c) requires immediacy, as this Court finds that it does, this Court does not have the power to order coercive sanctions in this case.  The Government's argument, however, is wholly misplaced.  Contrary to the Government's characterization, the Court is not

15

sanctioning the Government for its failure to detain petitioner immediately.  Rather, the Court finds that, in the absence of the immediacy required by § 1226(c), the relevant authority for the Government's detention of Petitioner is § 1226(a), and that the detention is subject to the criteria set forth in that section, including the right to a hearing before an immigration judge to determine if Petitioner can be released on bond pending his challenge to removal.  In other words, the Court is not stripping the Government of its power to act, nor is it ordering that Petitioner be released.  Simply put, the Government failed to comply with the unambiguous terms of § 1226(c), and therefore, the Government's detention of Petitioner is not authorized by § 1226(c); instead it falls under the ambit of § 1226(a).

## IV. CONCLUSION

For the foregoing reasons, the Court holds that Petitioner is not subject to the mandatory detention authorized by § 1226(c) because the Government did not take her into custody immediately.  Petitioner's pre-removal detention is instead governed by 8 U.S.C. § 1226(a), which authorizes an Immigration Judge to release her on bond if she is neither a flight risk nor a danger to the community.

16

Accordingly, this Court grants the Writ of Habeas Corpus
and directs that an Immigration Judge provide Petitioner with an
individualized bond hearing, pursuant to 8 U.S.C. § 1226(a)(2),
to determine if she is a flight risk or danger to the community,
within 10 days of the date of the entry of the Order
accompanying this Opinion.


DATED:  March 20, 2013

                              /s Freda L. Wolfson_____
                              FREDA L. WOLFSON
                              United States District Judge


17